UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NORTH AMERICAN COMPOSITES COMPANY, | Case No. 15-CV-3537 (PJS/JJK) |
| Petitioner, | |
| v. | ORDER |
| FAYE REICH, | |
| Respondent. | |

Sybil L. Dunlop, Jenny Gassman-Pines, John W. Ursu, GREENE ESPEL PLLP, for petitioner.

Sarah Nowels, AMEZCUA-MOLL & ASSOCIATES, P.C.; Blake R. Bauer, MARSO & MICHELSON, for respondent.

Respondent Faye Reich is a former employee of petitioner North American Composites Company ("NAC"). Reich has filed a state-court action against NAC and two other parties, claiming that her former supervisor sexually harassed her. NAC now moves to compel Reich to arbitrate her claims, while Reich moves to dismiss NAC's action. For the reasons that follow, the Court grants NAC's motion and denies Reich's.

I.  BACKGROUND

NAC employed Reich in two separate stints totaling 15 years. Levy Aff. I ¶ 4, ECF No. 14. After Reich had worked for NAC for almost five years, Reich signed an employment agreement in return for a raise. *Id.* ¶ 5. That employment agreement included an arbitration clause, and that arbitration clause required Reich and NAC to

arbitrate any disputes involving money damages according to American Arbitration Association ("AAA") rules. Compl. Ex. A ¶ 11(a), ECF No. 1-1 at 4. The arbitration clause included a forum-selection clause, which provided that:

> The arbitration shall be held in the metropolitan area nearest to (i) [Reich's] home, (ii) [NAC's] corporate offices, or (iii) the facility at which [Reich] worked for [NAC]. The Party filing the arbitration gets to choose from those locations.

*Id.* ¶ 11(b).

Reich resigned from NAC in August 2014. Levy Aff. I ¶ 10. Nine months later, Reich's attorney told NAC that Reich intended to sue the company. *Id.* ¶ 11. NAC twice reminded Reich about the arbitration agreement, thereby giving her the opportunity to commence arbitration near her home in California. *Id.* ¶¶ 11, 13. Reich responded that she still intended to sue NAC. *Id.* ¶ 14. NAC then filed a demand for arbitration with the AAA, requesting arbitration in Minnesota. Compl. Ex. E, ECF No. 11 at 15. The same day, NAC filed this action to compel Reich to arbitrate. ECF No. 1.

Two weeks later, Reich sued NAC, her former supervisor (Noel Rofoli), Interplastic (NAC's parent company), and unnamed defendants in California state court. Levy Aff. I Ex. B, ECF No. 14-1. Reich then asked this Court to dismiss NAC's action to compel arbitration. ECF No. 17.

II.  ANALYSIS

*A.  Delegation of Arbitrability*

Parties who enter into an arbitration agreement can choose to delegate to the arbitrator the question of arbitrability.  In other words, the parties to an arbitration agreement can agree that an *arbitrator* will decide whether a given dispute falls within the scope of the arbitration clause and thus whether the parties must arbitrate that dispute.  If the parties have entered into such an agreement, a court must compel arbitration of the question of arbitrability.  *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010).  The Eighth Circuit has held that where, as here, the parties explicitly incorporate the AAA rules of arbitration, the parties have delegated the question of arbitrability to the arbitrator.  *See Fallo v. High-Tech Inst.*, 559 F.3d 874, 878 (8th Cir. 2009).

A court may resolve a challenge to a delegation provision, but only if the challenge is to the delegation provision specifically.  If the challenge is to the arbitration agreement or to the entire contract in which the arbitration agreement appears, then the arbitrator (not the court) must resolve the challenge.  *See Rent-A-Ctr.*, 561 at 72.

Here, Reich has not challenged the delegation clause specifically; instead, she challenges the validity of the entire arbitration agreement.[1]  *Rent-A-Center* and *Fallo*

---

[1] One sentence of Reich's brief mentions the delegation provision, but only to
(continued...)

together compel the conclusion that, because the parties have delegated the question of arbitrability to the arbitrator, and because Reich has not challenged the delegation provision specifically, the Court must order the parties to arbitrate the question of arbitrability. The arbitrator, not the Court, must decide whether the arbitration agreement is valid. *See M.A. Mortenson Co. v. Mt. Carmel Sand & Gravel Co.*, No. CIV. 05-1037 ADM/AJB, 2005 WL 3477548, at *4 (D. Minn. Dec. 20, 2005) ("[W]here, as here, [a party] claims the entire agreement under which the arbitration arises is void, courts have determined an arbitrator should handle this issue.").

## B. Personal Jurisdiction

Reich argues that the Court lacks personal jurisdiction over her. Minnesota's long-arm statute authorizes courts to exercise jurisdiction over nonresidents to the full extent permitted by the Due Process Clause. *See Valspar Corp. v. Lukken Color Corp.*, 495 N.W.2d 408, 411 (Minn. 1992). Here, due process is satisfied because Reich signed an arbitration agreement with a forum-selection clause that designated Minnesota as a permissible arbitration forum. Reich thereby consented to be sued to compel arbitration

---

¹(...continued)
argue that NAC, by asking the Court to compel arbitration, has waived the employment agreement's delegation of the arbitrability issue to the arbitrator. ECF No. 25 at 2. This is not a challenge to the *validity* of the delegation provision; this is a claim that NAC has waived its right to *enforce* the provision. Moreover, the claim is meritless; NAC did not waive the delegation provision merely by moving to compel arbitration. *See* 9 U.S.C. § 4.

in Minnesota.  *See St. Paul Fire & Marine Ins. Co. v. Courtney Enters., Inc.*, 270 F.3d 621, 624 (8th Cir. 2001).

In *Courtney Enterprises*, the plaintiff and the defendant entered into a contract with an arbitration clause and a forum-selection clause that identified St. Paul, Minnesota, as the site for any arbitration.  *Id.* at 624.  The plaintiff sued to compel arbitration.  *Id.* at 622.  The defendant moved to dismiss for lack of personal jurisdiction, arguing that the arbitration agreement was unenforceable.  *Id.* at 623.  The Eighth Circuit held that, notwithstanding the defendant's challenge to the validity of the arbitration agreement, the district court had personal jurisdiction because the defendant had *signed* the arbitration agreement[2]:  "By agreeing to [a] forum selection clause, [the defendant] impliedly consented to be sued in Minnesota to compel arbitration . . . ."  *Id.* at 624.  Because the parties' agreement to arbitrate contained a delegation provision, and because the defendant did not challenge the delegation provision specifically (but instead challenged the enforceability of the entire contract in which the agreement to arbitrate appeared), the parties were required to arbitrate the validity of the arbitration clause.  *Id.* at 625.

---

[2]The defendant apparently did not expressly concede that it had signed the arbitration agreement, but the Eighth Circuit found it sufficient that the defendant did not "seek an evidentiary hearing . . . to challenge the factual underpinnings of the [plaintiff's] prima facie case," which included a claim that the defendant had signed the arbitration agreement.  *Courtney Enterprises*, 270 F.3d at 623.

Reich's case is materially indistinguishable from *Courtney Enterprises*. Reich signed an employment agreement that included an arbitration clause that designated Minnesota as a permissible arbitration forum. After NAC sued to compel arbitration, Reich moved to dismiss for lack of personal jurisdiction. Reich argues that the contract as a whole is invalid, ECF No. 19 at 8, but she does not dispute that she signed the contract, that the contract contains an arbitration clause, or that the arbitration clause identifies Minnesota as a permissible forum for the arbitration. Reich's signing of the employment agreement therefore provides prima facie evidence of her consent to be sued to compel arbitration in Minnesota. *See Courtney Enters.*, 270 F.3d at 624. Based on Reich's consent, the Court has personal jurisdiction to order Reich to arbitrate.

### C.  Failure to Join a Party

In her brief, Reich argues that the Court should dismiss this action because Rofoli is an indispensable party under Fed. R. Civ. P. 19 and NAC failed to join him. As Reich conceded at oral argument, however, the Eighth Circuit has squarely rejected Reich's argument. *See Northport Health Servs. of Ark., LLC v. Rutherford*, 605 F.3d 483, 491 (8th Cir. 2010) ("In the arbitration context, to our knowledge every circuit to consider the issue has concluded that a party joined in a parallel state court contract or tort action who would destroy diversity jurisdiction is not an indispensable party under Rule 19 in a federal action to compel arbitration.").

*D. State-Court Litigation*

Based on the foregoing, the Court will stay litigation of Reich's claims against NAC in the California Superior Court and order Reich and NAC to arbitrate the validity of the arbitration clause in Reich's employment agreement. If the arbitrator decides that the arbitration clause is valid, then Reich and NAC must arbitrate Reich's claims against NAC, and litigation of those claims in the California Superior Court will continue to be stayed. If the arbitrator decides that the arbitration clause is not valid, then Reich may litigate her claims against NAC, and this stay will automatically terminate.

Reich's state-court action is stayed only as to Reich's claims against NAC because NAC is the only defendant in that litigation who has entered into an arbitration agreement with Reich. The California court may decide whether to stay proceedings against the other state-court defendants; this Court will not tell the California court how to manage its docket. *See Golden Gate Nat'l Senior Care, LLC v. Beavens*, No. CV 15-17, 2015 WL 5000886, at *11 (E.D. Pa. Aug. 20, 2015).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Reich's motion to dismiss [ECF No. 17] is DENIED.

2. NAC's motion to compel arbitration and enjoin parallel state-court proceedings [ECF No. 7] is GRANTED IN PART as follows:

    a. Litigation of Reich's claims against NAC in the California Superior Court is stayed pending arbitration.

    b. Reich and NAC are ordered to arbitrate the validity of the arbitration clause in Reich's employment agreement.

    c. If the arbitrator finds that the arbitration clause is valid, then Reich and NAC must arbitrate Reich's claims against NAC, and litigation of Reich's claims against NAC in the California Superior Court will remain stayed.

    d. If the arbitrator finds that the arbitration clause is invalid, then Reich may litigate her claims against NAC in the California Superior Court, and this stay will automatically terminate.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 5, 2016                        s/Patrick J. Schiltz
                                                                 Patrick J. Schiltz
                                                                 United States District Judge