UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| NORTH AMERICAN COMPOSITES COMPANY, | Case No. 15-CV-3537 (PJS/JJK) |
| Petitioner, | |
| v. | ORDER |
| FAYE REICH, | |
| Respondent. | |

---

After respondent Faye Reich filed a sexual-harassment lawsuit against petitioner North American Composites Company ("NAC") in California state court, NAC filed this lawsuit to compel arbitration of Reich's claims. The Court ordered the parties to arbitrate the validity of the arbitration clause in Reich's employment agreement and entered judgment in NAC's favor. NAC then filed a bill of costs, and the Clerk of Court taxed costs of $434.60 against Reich. This matter is now before the Court on Reich's motion for review of the taxation of costs against her.

Reich asks the Court to reverse the taxation of costs against her for two reasons: first, because a California state court would not tax costs against her under California law; and second, because NAC has a lot of money and she does not. For the reasons that follow, the Court denies Reich's motion.

First, Reich's reliance on California law is misplaced.  Federal law, not state law, governs the award of costs in federal courts.  *Humann v. KEM Elec. Co-op., Inc.*, 497 F.3d 810, 813 (8th Cir. 2007).  Under Federal Rule of Civil Procedure 54(d), a "prevailing party is presumptively entitled to recover all of its costs." *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005).  NAC is the prevailing party.  It thus does not matter whether Reich would have been taxed costs had she lost her sexual-harassment claim on the merits in a California court.  What matters is that NAC won its claim to compel arbitration in federal court.

Second, Reich has not provided evidence sufficient to rebut the presumption that NAC is entitled to recover its costs.  Reich argues that NAC should not recover its costs because NAC has a lot more money than she does.  But "[t]he mere fact that [NAC] has more financial resources than [Reich] is insufficient to rebut the presumption that the prevailing party is entitled to costs." *Lenzen v. Workers Comp. Reinsurance Ass'n*, Case No. 10-CV-2147 (JRT/FLN), at *4 (D. Minn. June 29, 2012).  Moreover, Reich has not provided any real evidence of NAC's financial condition.  Her brief cites NAC's website, which says that NAC has 28 distribution centers in the United States and Canada.  Even if the Court credits that assertion, though, the number of distribution centers does not equate to financial health; for all the Court knows, NAC could be deeply in debt.

To be clear, a party's indigence can provide a reason to deny costs. *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982). But Reich has not provided evidence that she cannot currently pay $434.60 in costs, much less that she will be unable to pay those costs in the foreseeable future. The only evidence that Reich cites is a declaration she submitted in September 2015 in which she said that she had "less than $100.00 in [her] Wells Fargo bank account and after all [her] monthly expenses are paid, including gas, rent, food, utilities, and other vital living expenses, [she has] roughly $300.00 left." ECF No. 20 ¶ 11. But this declaration is outdated; it describes Reich's financial condition as of September 2015, which is almost a year ago. And even if the Court assumes that Reich's net income has not changed, she has had more than enough discretionary income since September 2015 to pay $434.60 in costs.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT respondent's motion for review of the taxation of costs [ECF No. 55] is DENIED.

Dated:  July 29, 2016         s/Patrick J. Schiltz
                              Patrick J. Schiltz
                              United States District Judge